UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY HAMBRICK ET AL.** | : | **CIVIL ACTION NO. 17-cv-0062** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP INC. ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 9] filed by plaintiffs in response to a Notice of Removal [doc. 1] by defendant Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit"). Spirit opposes the motion. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED.**

I.
BACKGROUND

This case arises from an auto accident between plaintiff Corey Hambrick and defendant Barrington Rajendr Kishundat in Sulphur, Louisiana, on or about November 24, 2015. Doc. 1, att. 2, pp. 1–2. Hambrick alleges that Kishundat was employed by defendant Our Kidz Trucking, Inc. ("Our Kidz"), and was driving a vehicle owned by Our Kidz at the time of the accident. *Id.* at 2. Hambrick filed suit on behalf of himself and his minor children against Kishundat, Our Kidz, and Spirit, insurer of Our Kidz, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, seeking compensation for the injuries he allegedly suffered in that accident. Doc. 1, att. 2.

On December 6, 2016, the clerk of court for the Fourteenth Judicial District issued citations for service of Spirit, Our Kidz, and Kishundat. Doc. 11, pp. 19–24. Spirit was served in this matter

on December 19, 2016. *Id.* at 33–34. There is no indication of service on Our Kidz or Kishundat in the state court record. On December 9, 2016, Louisiana Workers' Compensation Corporation ("LWCC"), the worker's compensation insurer for Hambrick's employer, moved to intervene in the suit in order to recover worker's compensation payments made to Hambrick. *Id.* at 25–26 (motion for leave to intervene); *id.* at 27–29 (petition of intervention). The state court granted this motion on December 12, 2016. Doc. 11, p. 25. However, there is no record of service for this petition on Spirit or any other defendant.[1] *See* doc. 11.

On January 17, 2017, Spirit filed a notice of removal. Doc. 1. Spirit argues that this court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.[2] *Id.* The plaintiffs now seek to remand the matter, alleging (1) that removal was procedurally defective because Spirit failed to obtain the consent of Our Kidz and Kishundat and (2) that the suit must be remanded under 28 U.S.C. § 1445(c) because of the intervention of LWCC, which causes the suit to arise under Louisiana worker's compensation law.

## II.
### LAW & ANALYSIS

#### A. *Consent of Co-Defendants*

Removal procedures are governed by 28 U.S.C. § 1446, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Accordingly, all **then-served** defendants who do not join in the

---

[1] After the motion to remand was filed, this court ordered LWCC to amend its petition of intervention in order to set forth its citizenship and other factors pertinent to jurisdiction. Doc. 19. LWCC has complied. Doc. 20.

[2] Spirit provides, and Hambrick does not contest, that Hambrick and his children are Louisiana residents, while Our Kidz is a Texas corporation, Kishundat is a Texas resident, and Spirit is a Nevada corporation. Doc. 1, p. 3. Meanwhile, LWCC's amended motion to intervene shows that it is a citizen of Louisiana and is aligned as plaintiff. Doc. 20, att. 1.

removal petition must file written indication of their consent within the removal period. *Getty Oil Corp. v. Ins. Company of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

Spirit maintains that it is justified in relying on the state court record, which contained no record of service, to determine if its codefendants have been served and if their consent is needed for removal. *Cooper v. Sentry Select Ins. Co.*, 2008 WL 4610235, *2 (W.D. La. Oct. 15, 2008). Plaintiffs assert that the absence of record evidence of service did not excuse Spirit from making further inquiry to ascertain whether Kishundat and Our Kidz had been served and then obtaining their consent if they had. *See Dupree v. Torin Jacks, Inc.*, 2009 WL 366332, *2–*5 (W.D. La. Feb. 12, 2009).

We need not resolve the differing views within this district on the removing defendant's burden. Here, unlike the non-consenting defendants in *Cooper* and *Dupree*, there is no showing that Kishundat and Our Kidz **were** served in this matter before its removal. Plaintiffs' counsel sent a letter to counsel for Spirit, who also now represents Kishundat and Our Kidz, via email on February 1, 2017, over two weeks after the notice of removal was filed. Doc. 17, att. 2. There plaintiffs' counsel accused Spirit's attorney of making a false statement to the court in his notice of removal by asserting that Kishundat and Our Kidz had not been served. *Id.* He also accused those defendants of attempting to evade service.[3] *Id.* Spirit's counsel asserts that he then informed

---

[3] For purposes of removal to the federal courts, service of process is governed by state law. *City of Clarksdale v. Bellsouth Telcoms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)). Under Louisiana's long-arm statute, a plaintiff may serve a non-resident defendant by sending certified copies of the citation and petition to the defendant by registered or certified mail. *McFarland v. Dippel*, 756 So.2d 618, 621–22 (La. Ct. App. 1st Cir. 2000) (citing LA. REV. STAT. § 13:3204). As there is no requirement under § 3204 for a signed return receipt, a defendant served under the long-arm statute may not defeat valid service by refusing to accept or sign for the letter. *Dupree v. Torin Jacks, Inc.*, 2009 WL 366332, *2 (W.D. La. Feb. 12, 2009) (citing *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444–45 (La. Ct. App. 3d Cir. 2004)).

Plaintiffs have attached three affidavits of service to their Motion to Remand, showing that they attempted service on Kishundat and Our Kidz via certified mail at the addresses they listed in the state court record. Doc. 9, atts. 7, 8, 9. The envelopes were returned to plaintiffs' counsel unclaimed/undeliverable. *Id.* Contrary to plaintiffs' assertions, these returns do not prove an attempt by defendants to evade service and instead lend support to the notion that plaintiffs had the wrong addresses until his conversation with defense counsel.

plaintiffs' counsel through a telephone conversation that he (plaintiffs' counsel) had the wrong addresses for Kishundat and Our Kidz. Doc. 17, p. 7. Spirit's counsel provided different addresses for those defendants on February 2, 2017, and plaintiffs served the defendants at those addresses. Doc. 17, att. 3; *cf.* doc. 11, p. 2 (original petition for damages listing addresses at which plaintiffs first attempted service for Kishundat and Our Kidz). Even if Spirit's counsel had made inquiry beyond the state court record, he would not have found any information that obligated him to obtain the other defendants' consent to removal under § 1446. Therefore the removal is procedurally sound and remand should not be granted on this basis.

### B. *Worker's Compensation Intervention*

The plaintiffs also allege that the action arises under Louisiana worker's compensation law, making it subject to remand, and that Spirit concealed the existence of LWCC as an intervener in order to avoid remand on this basis.

Under 28 U.S.C. § 1445(c), state court civil actions arising under the worker's compensation laws of that state may not be removed to the federal district courts. In the Fifth Circuit, the "arising under" language of § 1445(c) is "interpreted broadly and in a manner consistent with our interpretation of that standard under [28 U.S.C.] § 1331, which governs federal question jurisdiction." *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir. 1996) (citing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991)). Therefore the involvement of worker's compensation law must be "an element, and an essential one, of the cause of action." *Superior Oil Co. v. Pioneer Corp.*, 706 F.2d 603, 605 (5th Cir. 1983).

Both plaintiffs and Spirit reference *Partin v. Kansas City Southern Railway Co.*, in which we denied a motion to remand based in part on § 1445(c). 2012 WL 4962412 (W.D. La. Oct. 16, 2012). There a worker's compensation insurer moved to intervene in a tort action that was

subsequently removed based on federal diversity jurisdiction. *Id.* The insurer argued that the removal was improper because the removing defendant failed to include the intervention in the removal and because the intervention made the case one arising state worker's compensation laws. *Id.* at *1. We determined that neither of these claims warranted remand, noting that there was no showing that the state court granted the insurer's motion for leave to intervene prior to removal and that the state court was divested of jurisdiction to grant that motion once the case was removed.[4] *Id.* at *2–*3.

In *Partin*, therefore, the timing of the intervention was critical. If the worker's compensation insurer did not intervene before removal, we noted, then the case consisted of

> a lone plaintiff asserting a negligence cause of action against the defendant and, as such, the case has no connection to workers compensation. However, if [the insurer] did intervene in the state proceeding prior to removal, then the case also consists of the additional cause of action by the intervener against the defendant, assuming that the intervener is aligned as a plaintiff in the suit. The additional cause of action **could arguably** trigger the Section 1445(c) bar on removal to the extent that the [insurer] seeks recompense for benefits previously paid pursuant to Louisiana's workers compensation scheme.

*Id.* at *1 n. 2 (emphasis added).

In this matter, the fact that there is no record of service of the petition of intervention on any defendant causes us to reject plaintiffs' allegation that Spirit worked to conceal the presence of the intervener in its removal. However, the fact that leave to intervene was granted prior to removal means that we must analyze LWCC's claims in determining whether § 1445(c) justifies remand in this matter.

---

[4] We also noted that the worker's compensation bar was a procedural defect and that the insurer failed to raise this claim in the thirty day window for mounting procedural objections to removal under 28 U.S.C. § 1446(c). *Partin*, 2012 WL 4962412 at *2. However, we went on to find that the objection would have been meritless even if it had been raised in a timely manner. *Id.* at *2–*3.

A party intervening in a civil action in order to recover worker's compensation payments made to a plaintiff is generally aligned with the plaintiff. *See Youngblood v. Rain CII Carbon LLC*, 2014 WL 2547588, *3–*4 (W.D. La. Jun. 4, 2014) (collecting cases). The issue, then, is whether the reference to Louisiana worker's compensation law in the intervention is sufficient to invoke § 1445(c)'s bar.

In the petition of intervention LWCC adopts the plaintiffs' allegations against the defendants.[5] Doc. 17, att. 1. It seeks to recover payments made to Hambrick based on its statutory right of recovery and on a theory of unjust enrichment should the court find that Hambrick was not entitled to the payments made to him. *Id.* LWCC moved to intervene under the provision of Louisiana law allowing a right of action for third parties seeking compensation for worker's compensation payments through a tort action. Doc. 11, p. 25 (citing LA. REV. STAT. § 23:1101 *et seq.*).

We have recently reviewed this question in another matter and determined that involvement of the provision at issue does not cause an action to "arise under" state worker's compensation law. Section 1101 is merely the procedural mechanism creating the worker's compensation payor's right of action; the underlying claims are still grounded in tort law when a payor intervenes under that statute. *Louisiana United Business Ass'n Cas. Ins. Co. v. J&J Maintenance, Inc.*, 133 F.Supp.3d 852, 862–63 (W.D. La. 2015). The same is true here, as we can find no other involvement of Louisiana worker's compensation law in this suit. Thus worker's compensation law is not sufficiently implicated through LWCC's intervention to merit remand under § 1445(c).

---

[5] The amended petition of intervention does not alter the theory of recovery but instead explains this court's jurisdiction over the claims. *See* doc. 20, att. 1.

### III.
#### CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Motion to Remand [doc. 9] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE